UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, FCI MENDOTA,<br><br>    Respondent. | Case No.   1:22-cv-01512-HBK (HC)<br><br>ORDER STRIKING CONSTRUED AMENDED § 2241 PETITION<br><br>(Doc. No. 11)<br><br>ORDER GRANTING UNTIMELY MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS<br><br>(Doc. No. 13)<br><br>SEPTEMBER 1, 2023 DEADLINE |

    Petitioner Charles Head, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on November 22, 2022.  (Doc. No. 1, "Petition").  On February 10, 2023, Respondent filed a Motion to Dismiss the Petition.  (Doc. No. 10, "Motion").  On March 1, 2023, Petitioner filed a pleading titled "Petitioner's Supplement to his Section 2241 Petition."  (Doc. No. 11, "Supplement").  On July 7, 2023, Petitioner filed a motion for leave to file a response to Respondent's Motion and for "status on this action in the form of a docket sheet from the Clerk."  (Doc. No. 13 at 1).

    The Supreme Court has instructed the federal courts to liberally construe the "inartful pleading[s]" of pro se litigants.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  However,

despite entitling his pleading as a "Supplement to his Section 2241," the pleading cannot be construed as a supplement as it includes several grounds for relief not asserted in the initial Petition. (Doc. No. 11). Rule 15(a) allows Petitioner to amend his petition once "as a matter of course," where, as here, it was filed within 21 days of Respondent's Motion to Dismiss. Fed. R. Civ. P. 15(a)(1). However, any amended pleading must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Here, the Supplement is insufficient to qualify as an amended petition because the pleading is not complete on its face without reference to the initial Petition. Thus, the Supplement is procedurally deficient as either a supplemented petition or an amended petition. For this reason, the Court will strike Petitioner's "Supplement" stricken from the record.

At this juncture, the Court deems Petitioner's initial Petition the operative pleading. To the extent Petitioner intended the Supplement to be an amended petition, Petitioner is given leave to refile a free-standing pleading titled "First Amended Petition" that will supersede the original petition and become the operative pleading. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). The First Amended Petition must be <u>complete</u> without reference to the prior petition or any superseded pleading and must include <u>all</u> grounds for relief and supporting facts. *See also* Local Rule 220. The Court does not accept piecemeal pleadings. The Court will also direct the Clerk of Court to provide Petitioner with a blank form petition for Petitioner's use if appropriate.

In the alternative, as a one-time courtesy, despite being untimely, the Curt will permit Petition leave to file a response to the pending Motion to Dismiss.

Accordingly, it is **ORDERED**:

1. The Clerk of Court shall strike Petitioner's "Supplement to his Section 2241 Petition" (Doc. No. 11) from the record.
2. Petitioner is GRANTED leave to deliver a First Amended Petition to correctional officers for mailing no later than **September 1, 2023**.
3. Petitioner's untimely motion for leave to respond to the Motion to Dismiss (Doc. No. 13) is GRANTED. Should Petitioner choose to respond to the pending Motion,

Petitioner shall deliver his opposition to correctional officers for mailing no later than **September 1, 2023.** After that the date the Court will deem the Motion to Dismiss ripe for review on the record.

4. The Clerk of Court shall provide Petitioner with a courtesy copy of the printed docket sheet from CMECF and with a habeas corpus § 2241 form with this Order for Petitioner's future use if appropriate.

Dated:   August 16, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3